

**U.S. Department of Justice**

*John W. Vaudreuil*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

*Address:*
*222 West Washington Avenue*
*Suite 700*
*Madison, Wisconsin 53703*

March 23, 2016

Peter Rowe Moyers
Federal Defender Services of Wisconsin, Inc.
22 East Mifflin Street, Suite 1000
Madison, WI 53703

> Re:    *United States v. Ricky Olson*
>        Case No. 16-cr-001-bbc

Dear Attorney Moyers:

This is the proposed plea agreement between the defendant and the United States in this case.

1.    The defendant agrees to plead guilty to Count One of the indictment in this case. This count charges a violation of Title 18, United States Code, Section 2252(a)(2), which carries mandatory minimum penalties of five years in prison and five years of supervised release, and maximum penalties of twenty years in prison, a $250,000 fine, supervised release for life, a $100 special assessment, and the entry of an appropriate restitution order. If the defendant has a prior conviction as described in 18 U.S.C. § 2252(b)(1), the penalties related to prison time increase to a mandatory minimum penalty of 15 years in prison and a maximum penalty of 40 years in prison. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine

March 23, 2016
Page 2

adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify
and present evidence; and (g) to compel the attendance of witnesses.

3. The defendant understands that upon conviction, if he is not a United
States citizen, he may be removed from the United States, denied citizenship, and
denied future admission to the United States. The defendant nevertheless affirms that
he wants to plead guilty regardless of any removal and immigration consequences that
his plea may entail, even if the consequence is automatic removal from the United
States.

4. The defendant stipulates, pursuant to USSG § 1B1.2(c), to the following
violations of 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), and 1470, as charged in Counts Two,
Three, and Five of the indictment: [Count 2] on or about February 13, 2015, in the
Western District of Wisconsin, the defendant knowingly received images and a video
file of the known victim through his Snapchat account and his Gmail account, and the
images and video file were of the known victim, who is a minor, engaging in sexually
explicit conduct; [Count 3] on February 24, 2015, in the Western District of Wisconsin,
the defendant possessed a cell phone and a 4GB SD card, which contained video files of
the known victim, and the video files were of the known victim, who is a minor,
engaging in sexually explicit conduct; and [Count 5] on February 13, 2015, in the
Western District of Wisconsin, the defendant attempted to send the known victim, who
was under 16 years old, a video via email, and this video was of obscene matter. The
defendant acknowledges that pursuant to USSG § 1B1.2(c) his sentencing guidelines
will be calculated as if he had been convicted of these violations of 18 U.S.C. §§
2252(a)(2), 2252(a)(4)(B), and 1470.

5. The United States agrees that this guilty plea will completely resolve all
possible federal criminal violations that have occurred in the Western District of
Wisconsin provided that both of the following conditions are met: (a) the criminal
conduct relates to the conduct described in the indictment; and (b) the criminal conduct
was known to the United States as of the date of this plea agreement. This agreement
not to prosecute is limited to those types of cases for which the United States Attorney's
Office for the Western District of Wisconsin has exclusive decision-making authority.
The defendant also understands that the United States will make its full discovery file
available to the Probation Office for its use in preparing the presentence report. The
United States also agrees to move to dismiss the remaining counts of the indictment at
the time of sentencing.

6. The United States agrees to recommend that the Court, in computing the
advisory Sentencing Guideline range, and in sentencing the defendant, give the
defendant the maximum available reduction for acceptance of responsibility. This

March 23, 2016
Page 3

recommendation is based upon facts currently known to the United States and is
contingent upon the defendant accepting responsibility according to the factors set forth
in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for
acceptance of responsibility is also based on the defendant providing a full and truthful
accounting in the required financial statement, and the defendant's efforts to make the
agreed-upon immediate restitution payments. The United States is free to withdraw
this recommendation if the defendant has previously engaged in any conduct which is
unknown to the United States and is inconsistent with acceptance of responsibility, or if
he engages in any conduct between the date of this plea agreement and the sentencing
hearing which is inconsistent with acceptance of responsibility. This recommendation
is contingent on the defendant signing this plea letter on or before April 1, 2016.

7.      The defendant agrees to pay restitution for all losses relating to the offense
of conviction and all losses covered by the same course of conduct or common scheme
or plan as the offense of conviction. The exact restitution figure will be agreed upon by
the parties prior to sentencing or, if the parties are unable to agree upon a specific
figure, restitution will be determined by the Court at sentencing. The defendant further
agrees that the full amount of restitution is due and payable immediately. Defendant
acknowledges that immediate payment means payment in good faith from the
liquidation of all non-exempt assets beginning immediately.

8.      The defendant agrees to complete the enclosed financial statement and
return it to this office within one week of the guilty plea hearing. The defendant also
authorizes the U.S. Attorney's Office to run the defendant's credit report. The
defendant also agrees that the probation office may disclose to the United States the net
worth and cash flow statements to be completed by the defendant in connection with
the preparation of the presentence report, together with all supporting documents.
Finally, the defendant understands, as set forth in Paragraph 6 above, that the United
States' agreement to recommend a reduction for acceptance of responsibility will be
based, in part, on the defendant's full and truthful accounting, and efforts to make the
agreed-upon immediate restitution payments.

9.      The defendant agrees not to file a claim to any property in any civil,
administrative or judicial proceeding, which has already been initiated or which may be
initiated in the future, including the forfeiture of assets which were seized on February
24, 2015. Defendant agrees to waive all time limits and his right to notice of any
forfeiture proceeding involving this property. Defendant further agrees not to file a
claim or assist others in filing a claim or attempting to establish an interest in any
forfeiture proceeding.

March 23, 2016
Page 4

10.     The defendant agrees that he is the sole owner of all the property listed above, and agrees to hold the United States, its agents, and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

11.     The defendant agrees to consent to the order of forfeiture for the listed property and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

12.     The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

13.     The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

14.     In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

15.     The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case.  By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment of 180 months or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

March 23, 2016
Page 5

16.     The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

17.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

18.     By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

Very truly yours,

JOHN W. VAUDREUIL
United States Attorney

By:

JULIE S. PFLUGER
Assistant United States Attorney

3-31-16

Date

3-30-16

Date

PETER ROWE MOYERS
Attorney for the Defendant

RICKY OLSON
Defendant

3-30-16

Date

Enclosure