| | | |
|---|---|---|
| | DEFENDANT: RICKY OLSON | |
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER:   0758 3:16CR00001-001 | Judgment - Page 1 |

# United States District Court
Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:**   0758 3:16CR00001-001 |
| RICKY OLSON | **Defendant's Attorney:**   Joseph Bugni |

The defendant, Ricky Olson, pleaded guilty to Count 1 of the indictment.

Counts 2-5 of the indictment are dismissed on the motion of the United States.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography, a Class C Felony | February 17, 2015 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | 1958 | | September 20, 2016 |
| **Defendant's USM No.:** | 10001-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | Gays Mills, Wisconsin 54361 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | Dane County Jail<br>115 West Doty Street<br>Madison, Wisconsin 53703 | | Barbara B. Crabb<br>District Judge |
| | | | September 26, 2016 |
| | | | Date Signed: |

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICKY OLSON<br>CASE NUMBER: 0758 3:16CR00001-001 | Judgment - Page 2 |

# IMPRISONMENT

As to count 1 of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 180 months. I recommend that defendant receive sex offender treatment, substance abuse treatment and vocational and educational training.  I also recommend that defendant be afforded prerelease placement in a residential reentry center with work release privileges.

Defendant is in primary federal custody but he has pending charges in the Circuit Court for Crawford County, Wisconsin, in cases nos. 15CF9, 15CF51 and 15CF64, for conduct unrelated to this offense.    Although the Supreme Court's decision in *Setser v. United States*, 132 S.Ct. 1463 (2012) makes it clear that this court can order a federal sentence to run consecutively to a state sentence that has not yet been imposed, I decline to make any decision on that point.   It will leave it up to the state court to decide how to structure any sentence it imposes on defendant.

Finally, I recommend that defendant be given the opportunity to participate in the Residential Drug Abuse Program and that he be provided prompt medical care for his injured right shoulder.   (He was scheduled for such surgery in February 2016, but was arrested before the surgery could be performed.)

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICKY OLSON<br>CASE NUMBER: 0758 3:16CR00001-001 | Judgment - Page 3 |

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a 20-year term of supervised release. Under the Sentencing Reform Act of 1984, the primary goals of supervised release are to assist a defendant's transition into the community after a term of imprisonment and to provide rehabilitation. Supervision will assist defendant with community reintegration and protect the public from further crimes perpetrated by defendant.

While on supervised release, defendant is subject to conditions 1 through 9 and 11 through 26, as set forth in the appendix of the presentence report. Neither party has raised any objections to the proposals.

These conditions of supervision are warranted in light of defendant's offense of conviction and relevant conduct, which included using the mobile devices and the internet to solicit, produce, distribute and receive child pornography. Defendant has several pending state cases for conduct only partially related to this offense. He violated conditions of his state bond by having contact with his minor children and using marijuana. He has a reported history of providing false information to police and a history of violence, including toward women and law enforcement; he has criminal convictions in other jurisdictions; and he has numerous alcohol-related driving convictions. Defendant described an extensive history of drug use, which includes recent marijuana use. He also reported recent abuse of pain medication as well as alcohol. Defendant expressed an interest in participating in substance abuse treatment. He has several active collection accounts and reportedly has been ordered to pay child support for his three minor children. He will be required to register as a sex offender and will be subject to travel restrictions and registration requirements governed by each state.

If, when defendant nears the end of his confinement and before he begins his term of supervised release, either he or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the court for review.

Although this offense is not drug-related, defendant's history of drug use counsels against waiving the mandatory drug testing set forth at 18 U.S.C. § 3583(d). I note that he did not object to the provision for drug testing in condition number 15.

---

Defendant is to abide by the statutory mandatory conditions.

## Statutory Mandatory Conditions

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICKY OLSON<br>CASE NUMBER:  0758 3:16CR00001-001 | Judgment - Page 4 |

Defendant shall comply with the standard and special conditions that have been adopted by this court.

## Standard Conditions of Supervision

1) Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions.  The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) ~~Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;~~

11) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics.  The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.

## Special Conditions of Release

12) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition;

13) Participate in substance abuse treatment.  If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.  Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.   Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter.   The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

14) Abstain from the use of alcohol;

15) Defendant shall not patronize any taverns, bars, liquor stores, night clubs or other establishments where the primary item of sale is alcohol;

16) Submit to electronic monitoring for the first 365 days of supervised release using the Global Positioning Satellite (GPS) monitoring or similar technology;

17) Defendant shall provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant.  This includes external and portable hard drives.  The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination;

18) Not possess any visual or audio recording devices;

19) Not possess any material containing sexually explicit of conduct of minors as defined in 18 U.S.C. § 2256(8), including pictures, photographs, books, writings, drawings, videos, video games;

20)  Not enter any establishment involved in the sex industry, including stores, massage parlors, and strip clubs. Defendant shall not utilize any sex-related adult services.  The supervising U.S. probation officer is authorized to monitor compliance in this area by obtaining telephone records, credit card bills and credit reports;

21) Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer;

22) Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer.   This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services;

23) Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer;

24) Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense;

25)   As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations.   Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations.   Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions.   If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.   Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.   Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider; and

26)   Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer.   Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____   _____
Defendant                                                                                 Date

_____   _____
U.S. Probation Officer                                                            Date

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

# RESTITUTION

It is adjudged that defendant is to pay a $100.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

No restitution is ordered under 18 U.S.C. § 2259, because the victim has not requested monetary compensation.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his children upon release from custody.

A final order of forfeiture is granted for the property seized from defendant in accordance with 18 U.S.C. § 2253, as reflected in the forfeiture order.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICKY OLSON<br>CASE NUMBER:   0758 3:16CR00001-001 | Judgment - Page 8 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.