| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICKY OLSON<br>CASE NUMBER: 0758 3:16CR00001-001 | Judgment - Page 1 |

# United States District Court

## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:16CR00001-001 |
| RICKY OLSON | **Defendant's Attorney:** Kathleen Quinn |

The defendant, Ricky Olson, pleaded guilty to Count 2 of the indictment.

Counts 1, 3, 4 and 5 of the indictment are dismissed on the motion of the United States.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography, a Class C Felony | February 17, 2015 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | ▮ 1958 | | April 25, 2019 |
| **Defendant's USM No.:** | 10001-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | ▮▮▮<br>▮▮▮<br>(608) 391-2685 | | */s/ William Conley* |
| **Defendant's Mailing Address:** | Dane County Jail<br>115 West Doty Street<br>Madison, Wisconsin 53703 | | William M. Conley<br>District Judge |
| | | | April 25, 2019 |
| | | | Date Signed: |

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICKY OLSON<br>CASE NUMBER: 0758 3:16CR00001-001 | Judgment - Page 2 |

# IMPRISONMENT

As to Count 2 of the indictment, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 156 months. I strongly recommend that the defendant be placed at a facility capable of providing for his specific treatment needs in light of his offense. I also recommend that the defendant receive mental health and substance abuse treatment, including RDAP, as well as educational and vocational training. Finally, I recommend that the defendant be afforded prerelease placement in a residential reentry center with work release privileges.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

# SUPERVISED RELEASE

A term of supervision is required by statute. The defendant's term of imprisonment is to be followed by a 20- year term of supervised release. In light of the nature of the offense and the defendant's personal history, I adopt condition numbers 1 through 9 and 11 through 27 as proposed and justified in the presentence report, noting that neither party has raised any objections to those proposals.

If, when defendant nears the end of his confinement and before he begins his term of supervised release, either he or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the court for review.

Although the instant offense is not drug related, mandatory drug testing as set forth at 18 U.S.C. § 3583(d) for supervision cases is not waived. This is addressed in Special Condition No. 13.

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

### Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Not imposed;

11) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.

## Special Conditions of Release

12) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition;

13) Participate in substance abuse treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process;

14) Abstain from the use of alcohol;

15) Defendant shall not patronize any taverns, bars, liquor stores, night clubs or other establishments where the primary item of sale is alcohol;

16) Submit to electronic monitoring for the first 365 days of supervised release using the Global Positioning Satellite (GPS) monitoring or similar technology;

17) Defendant shall provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals

based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination;

18) Not possess any visual or audio recording devices;

19) Not possess any material containing sexually explicit of conduct of minors as defined in 18 U.S.C. § 2256(8), including pictures, photographs, books, writings, drawings, videos, video games;

20) Not enter any establishment involved in the sex industry, including stores, massage parlors, and strip clubs.   Defendant shall not utilize any sex-related adult services.   The supervising U.S. probation officer is authorized to monitor compliance in this area by obtaining telephone records, credit card bills and credit reports;

21) Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer;

22) Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer.   This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services;

23) Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer;

24) Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense;

25) As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations.   Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations.   Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions.   If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.   Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.   Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider;

26) Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer.   Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment; and

27) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                                                              Date

_____     _____
U.S. Probation Officer                                   Date

| | DEFENDANT: | RICKY OLSON | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:16CR00001-001 | Judgment - Page 6 |

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| **Count** | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

It is adjudged that defendant is to pay a $100.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Restitution is not ordered in this case under 18 U.S.C. § 2259 because the victims have not requested monetary compensation.

The defendant is not subject to the penalties of the Justice for Victims of Trafficking Act of 2015, as his offenses occurred prior to the May 29, 2015.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself upon release from custody.

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: RICKY OLSON     CASE NUMBER: 0758 3:16CR00001-001     Judgment - Page 7

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.